UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO._____

| | |
|---|---|
| GLENDA W. WESTMORELAND ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT FOR |
| ) | AGE DISCRIMINATION, |
| ) | RACE DISCRIMINATION |
| TWC ADMINISTRATION LLC ) | AND WRONGFUL DISCHARGE |
| d/b/a TIME WARNER CABLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**NOW COMES** Plaintiff, complaining of Defendant and alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought to remedy employment discrimination on the basis of age and race against Plaintiff. Plaintiff's Complaint is brought under The Age Discrimination in Employment Act of 1967 ("ADA"), 29 U.S.C. § 621, *et seq.*, as amended, which incorporates by reference § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and under Title VII of the Civil Rights Act of 1964 (Title VII) as amended by the Civil Rights Act of 1991 and set forth in 42 U.S.C. § 2000e, *et seq.* This action is also brought under 42 U.S.C. § 1981 (Reconstruction Era Statutes). Additionally, Plaintiff asserts a claim for wrongful discharge under North Carolina law.

2. Plaintiff seeks monetary relief, compensatory damages, and punitive damages pursuant to 42 U.S.C. § 2000e(g), 42 U.S.C. § 1981A(b), and North Carolina law.

1

3. On November 6, 2015, the EEOC issued Notice of Right to Sue to Plaintiff. (Attached as Exhibit 1)

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") designated as EEOC Charge No. 430-2016-00051. (Attached as Exhibit 2)

5. Plaintiff has exhausted her administrative remedies.

6. Plaintiff is a citizen and resident of Iredell County, North Carolina.

7. At all times relevant to this Complaint, Plaintiff worked for Defendant.

8. The unlawful employment practices complained of herein occurred within Iredell County, North Carolina.

9. The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 2000e, 42 U.S.C. § 1981, 38 U.S.C. § 4323(b)(2), 29 U.S.C. § 626(c), 28 U.S.C. § 1367, and 28 U.S.C. § 1343(4).

10. This court should assume supplemental jurisdiction of Plaintiff's state law claims for wrongful discharge under 28 U.S.C. § 1367(b) because these claims are based upon the same operative facts as the discrimination claims over which the court has jurisdiction, and judicial economy, convenience, and fairness to the parties demand that the court assume and exercise jurisdiction over all claims alleged herein.

11. The venue of this court over this controversy is based upon the following:
    a. The unlawful employment practices alleged herein were committed in the Western District of North Carolina. Accordingly, venue lies in the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1391(b); and,
    b. Plaintiff avers that Defendant is a corporation doing business in this judicial district within the meaning of 28 U.S.C. § 1391(c).

## PARTIES

12. Plaintiff was an employee of Defendant and working in the same location since May 1985 in the telecommunications business.

13. Plaintiff's original employer was acquired by the Defendant on or about August 2006.

14. Plaintiff was born on September 4th 1954 and is presently 61 years of age.

15. Plaintiff is an African-American female.

16. Defendant Employer is a Delaware corporation licensed to do and doing business in the State of North Carolina and doing business as Time Warner Cable.

17. At all times relevant to this Complaint, Defendant employed 500 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year.

18. Defendant is engaged in an industry affecting commerce and is an employer within the meaning of § 11(b) of ADEA, 29 U.S.C. § 630(b).

19. At all times relevant to this Complaint, the following persons were employed by Defendant and acted within the course and scope of their employment and as agents of Defendant for all of the acts alleged herein:

    A. Janis Busgith (hereinafter "Busgith"), Manager

    B. Dwain B. Adams (hereinafter "Adams"), Employee Relations Manager

    C. Jennie Kennison (hereinafter "Kennison"), employee of Defendant

    D. Dianne Carroway (hereinafter "Carroway"), Retail Sales Manager

    E. Lauren Newcomb ("hereinafter "Newcomb"), Human Resources Generalist

    F. Lara Hemrick ("hereinafter "Hemrick"), Employee Relations Manager

3

G. Jennifer Sherrill ("hereinafter "Sherrill"), employee of Defendant

H. Rob Marcus ("hereinafter "Marcus"), Chairman and CEO

## STATEMENT OF FACTS

20. Plaintiff is a 61 year old resident of Iredell County, North Carolina.

21. Plaintiff was born in North Carolina in 1954.

22. Plaintiff grew up in Statesville, North Carolina and graduated from South Iredell High School in Barium Springs, North Carolina in 1972. Plaintiff attended N.C. Central University for one year and Mitchell College for one year.

23. Plaintiff began working in Customer Service at Summit Cable in Statesville, North Carolina in May 1985 as a Customer Service Representative in the cable business.

24. Summit Cable was later acquired by Prestige Cable which was acquired by Adelphia and Defendant acquired Adelphia on or about August 2006.

25. During Plaintiff's thirty (30) years of employment in the cable and telecommunications business the Plaintiff held the positions of Customer Service Representative, Front Counter Customer Service Supervisor and Plaintiff's final job title was Retail Store Supervisor.

26. In Plaintiff's position as a Retail Store Supervisor, Plaintiff supervised three (3) employees of Defendant.

27. Plaintiff's performance was always good and she received good performance evaluations in excess of thirty (30) years.

4

28. During her employment with Defendant, Plaintiff received numerous raises due to her good performance evaluations. Plaintiff received a Certificate of Excellence in Customer Service in 1994, Employee of the Month award on or about 1997, and a Certificate of Achievement for 20 years of service to the company.

29. At the time of her discharge, Plaintiff was a Retail Store Supervisor reporting to Busgith.

30. On Tuesday, July 21, 2015, the Plaintiff conducted her weekly coaching and One on One meetings with one of her agents, Sherrill.

31. Plaintiff had stated to her manager Busgith that Plaintiff was conducting coaching and One on One sessions with the Plaintiff's agents but that Plaintiff did not always have time to draft and fill in the 2015 Retail One on One Session form at the same time.

32. On Monday, July 27, 2015, the Plaintiff drafted and filled in the 2015 Retail One on One Session form for the coaching the Plaintiff had conducted with Sherrill on Tuesday, July 21, 2015. (2015 Retail One on One Session form attached as Exhibit 3)

33. Plaintiff printed the 2015 Retail One on One Session document out and told Sherrill to read and sign the document.

34. After Sherrill signed and dated the document, the Plaintiff had Sherrill change the date to the day from the previous week when they had the One on One coaching meeting which consisted of Sherrill changing the date from 7-27-15 to 7-21-15 by whiting out the top perpendicular portion of the number 7.

35. At the time, the Plaintiff was not concerned and Plaintiff had informed Busgith that Plaintiff had frequent conversations with her agents and kept them abreast of information they needed as well as their goals, etc., but Plaintiff was not always able to document it at the same time.

5

36. On Tuesday, August 11, 2015 the Plaintiff was accused by Busgith and Newcomb of falsifying a document.

37. On August 14, 2015 Carroway requested a meeting with the Plaintiff along with Newcomb where upon Plaintiff's employment with Defendant was terminated for allegedly falsifying a coaching document. The Defendant gave no other reason for the Plaintiff's termination.

38. Carroway stated to the Plaintiff "Oh girl … You'll find another job… Now you can go home and take care of those grandchildren".

39. The Plaintiff was allowed to retrieve her personal belongings under escort by Defendant and removed from the building after over thirty (30) years of employment.

40. Other similarly situated employees of Defendant who have allegedly committed the same or similar or more serious alleged offenses have been treated more favorably than the Plaintiff.

41. The Defendant's stated reason for the Plaintiff's termination, that the Plaintiff allegedly falsified a document is a ploy used by the Defendant to terminate the Plaintiff's employment because of Plaintiff's age (60 at the time of termination) and Plaintiff's race (black).

42. The Defendant never questioned Sherrill about the One on One session occurring on Tuesday, July 21, 2015 as the Defendant admitted at the Plaintiff's unemployment benefits hearing.

43. Upon information and belief, the Defendant has a progress disciplinary policy which was not adhered to with regard to Plaintiff's employment termination and was not cited by the Defendant at Plaintiff's hearing for unemployment benefits.

6

44. The Plaintiff's employment replacement after Plaintiff's termination was Jennie Kennison (white female) who is much younger than the Plaintiff.

45. The Defendant stated at the Plaintiff's unemployment benefits hearing that it did not know if Jennie Kennison is younger or older than the Plaintiff.

46. Plaintiff's previous job duties and function are performed by younger employees of Defendant.

47. As a result of being terminated from a job that Plaintiff held for over 30 years, Plaintiff has lost her income, her benefits, and her peace of mind.

48. As a result of the actions of Defendant as described herein the Plaintiff is entitled to damages in an amount greater than $10,000.00.

## AGE DISCRIIMINATION

49. Plaintiff incorporates by reference the allegations of paragraphs 1 through 48 as though set forth fully herein.

50. Defendant terminated Plaintiff because of her age (60 years old at the time of termination).

51. Defendant committed unlawful and discriminatory practices in violation of the provisions of the ADEA, as amended, 29 U.S.C. § 621, *et. seq.*

52. Plaintiff is entitled to reinstatement to her job, back pay, interest on back pay, front pay, and employment benefits, including but not limited to, vacation pay, sick pay, health insurance benefits, and life insurance benefits.

53. Plaintiff's losses are in an amount greater than $10,000.00.

54. Defendant's conduct, as described above, was willful. Accordingly, Plaintiff is entitled to recover damages under 20 U.S.C. § 621 *et seq.*, including liquidated damages in an amount equal to the damages specified above.

55. Plaintiff is further entitled to recover reasonable attorney's fees and the costs and expenses of this action.

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

56. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 55 in support of this claim for relief.

57. The actions of Defendant Employer as set forth herein, constitute intentional discrimination against Plaintiff on the basis of her race, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000et *seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 A(a)(1).

58. Defendant Employer engaged in discriminatory practices against Plaintiff with either malice or with reckless indifference to the federally protected rights of Plaintiff to be free from racial discrimination in the workplace, as set forth in 42 U.S.C. § 1981A(b)(1).

59. Plaintiff is entitled to all of her benefits of employment, including but not limited to, back pay, front pay, health insurance, life insurance, and retirement benefits.

60. Plaintiff is entitled to recover compensatory damages as provided by the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Title VII) in an amount exceeding $10,000 as a proximate result of Defendant's conduct alleged herein.

61. Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a)(1) and (b)(1) in an amount exceeding $10,000 as a proximate result of Defendant's conduct as alleged herein.

62. Plaintiff is further entitled to recover reasonable attorney's fees, the costs and the expenses of this action, and such interest as may be allowed by law.

### RACE DISCRIMINATION IN VIOLATION OF RECONSTRUCTION ERA STATUTES

63. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 62 as though set forth fully herein.

64. The actions of Defendant as set forth herein constitute harassment and intentional discrimination on the basis of Plaintiff's race, in violation of the Reconstruction Era Statutes, 42 U.S.C. § 1981.

65. Plaintiff is entitled to all of her lost benefits of employment, including but not limited to, back pay, front pay, health insurance, life insurance, and retirement benefits.

66. Plaintiff is entitled to compensatory damages as provided by the Reconstruction Era Statutes, 42 U.S.C. § 1981, in an amount exceeding $10,000 as a proximate result of Defendant's conduct as alleged herein.

67. Plaintiff is entitled to punitive damages as provided by the Reconstruction Era Statutes, 42 U.S.C. § 1981, in an amount exceeding $10,000 as a proximate result of Defendant's conduct as alleged herein.

68. Plaintiff is further entitled to recover reasonable attorney's fees, the costs and expenses of this action and such interest as may be allowed by the law.

### WRONGFUL DISCHARGE

69. Plaintiff incorporates by reference the allegations of paragraphs 1 through 68 in support of this claim for relief.

70. The termination of Plaintiff from her position was in violation of the public policy of the State of North Carolina, specifically, the North Carolina Equal Employment Practices

9

Case 5:16-cv-00024-RLV-DSC   Document 1   Filed 02/05/16   Page 9 of 13

Act, N.C.G.S. § 143-422.1, *et. seq.*, which makes discrimination on account of age an unlawful an unlawful employment practice in North Carolina.

71. Plaintiff is entitled to reinstatement to her job, back pay, interest on her back pay, front pay, and employment benefits, including but not limited to vacation pay, sick pay, health insurance benefits, life insurance benefits, and damages for emotional distress.

72. Plaintiff's losses are in an amount greater than $10,000.

73. Defendant's conduct as described herein was willful, malicious, oppressive, wanton, and recklessly in disregard of Plaintiff's rights, so as to entitle Plaintiff to punitive damages under North Carolina law in an amount greater than $10,000.

74. Defendant's managers were aware of, condoned, and participated in the illegal discharge of Plaintiff so as to make Defendant liable for punitive damages.

75. Plaintiff is also entitled to recover the cost and expenses of this action and such interest as may be allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands a trial by jury of all issues so triable and respectfully prays for judgment against Defendant as follows:

1. A declaration that the practices and acts complained of herein are in violation of Title VII of the 1964 Civil Rights Act, the Reconstruction Era Statutes, the ADEA and North Carolina law.

2. An Order enjoining Defendant from engaging in discrimination on the basis of the age and race.

3. For a money judgement against Defendant for violation of the ADEA in an amount greater than $10,000.

4. For liquidated damages judgment against Defendant for willful violation of the ADEA in an amount exceeding $10,000 and equal to the amount awarded for lost employment benefits.

5. An Order enjoining Defendant from engaging in discrimination on the basis of race in accordance with N.C.G.S. § 143-422.1, Title VII of the 1964 Civil Rights Act and the Reconstruction Era Statutes.

6. For a money judgment against Defendant for the violation of the ADEA, Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5(g) and 42 U.S.C. § 1981A, and the Reconstruction Statutes, 42 U.S.C. § 1981 representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of reputation, emotional distress and inconvenience, for an amount in excess of $10,000, which amount shall be determined specifically at the trial of this action.

7. For a money judgment against Defendant representing punitive damages under the ADEA, § 1977A of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, the Reconstruction Statutes, 42 U.S.C. § 1981, for an amount exceeding $10,000, which amount shall be determined specifically at a trial of this action.

8. For a money judgment against Defendant for wrongful discharge in violation of the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1, *et seq.*, representing all lost benefits of employment and compensatory damages, including but not limited to lost wages, lost employment benefits, loss of status, loss of

11

reputation, and inconvenience, for an amount in excess of $10,000, which amount shall be determined specifically at a trial of this action.

9. For a money judgment against Defendant for punitive damages for wrongful discharge because of malicious, willful, and wanton violation of the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1, *et seq.*, for an amount exceeding $10,000, which amount shall be determined specifically at a trial of this action.
10. For a money judgment representing pre-judgment interest.
11. For the costs of suit, including an award of reasonable attorney's fees pursuant to federal law.
12. For such other and further relief as may be just, proper, and necessary to afford complete relief to Plaintiff and to provide Plaintiff that to which she is entitled at the time this action is tried.

This is the 5th day of February, 2016.

                                                 s/ Todd J. Combs
                                                 Todd J. Combs
                                                 NC Bar No.: 23381
                                                 Combs Law, PLLC
                                                 Attorney for Plaintiff
                                                 108 Gateway Boulevard, Suite 206
                                                 Mooresville, NC 28117
                                                 Tel: 704-799-2662  Fax: 888-254-0111
                                                 Email: todd@combslaw.org

STATE OF NORTH CAROLINA

COUNTY OF IREDELL

VERIFICATION

Personally appeared before the undersigned, an officer duly authorized by law to administer oaths, Glenda W. Westmoreland who being duly sworn, states under oath that the facts set forth in the Complaint are true and correct of her own knowledge and belief, except as to those matters and things stated upon information and belief, and as to those matters and things, she believes them to be true.

This the 5th day of February, 2016

_Glenda W. Westmoreland_ (SEAL)
Glenda W. Westmoreland, Affiant

Sworn to and subscribed before me this

5th day of February, 2016.

_Jodi Zanolini_
Notary Public

_Jodi Zanolini_
Notary Public (print)

My Commission expires: February 23, 2019



JODI ZANOLINI
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
2/23/2019