UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-00024-MOC-DSC

| | | |
|---|---|---|
| **GLENDA W. WESTMORELAND,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TWC ADMINISTRATION LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment. In this action, plaintiff contends that she, in her 60s and having more than 30 years of relevant service in the cable industry, was wrongfully terminated due to her age and race and that her position was then filed by a substantially younger individual.

The parties have fully briefed the Motion for Summary Judgment, which is now ripe for disposition. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> (**1**) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits

1

> or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

<u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material

facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

In responding to the defendant's motion, plaintiff has come forward with evidence which, if believed, would support each element of an age discrimination claim and would also be sufficient, if believed, to rebut the legitimate, non-discriminatory reason given by defendant for firing plaintiff, to wit, that she asked her superior to improperly alter a document. While defendant appears to contend in its reply that plaintiff's argument is comprised of "wishful thinking" and based on "contrived legal theories," Reply (#31) at 1, and that her claim is founded on a "grandiose, yet entirely speculative theory," the court does not view the evidence in a light most favorable to the party seeking summary judgment. Plaintiff has come forward with evidence that

(1) it was her age that motivated defendant to terminate her employment and (2) the allegation that she committed fraud in having her direct report correct a date to reflect the actual date that she believes the event occurred is mere pretext for age discrimination. Whether defendant believes this evidence is irrelevant; rather, it is whether a jury could believe it. Thus, there remain genuine issues of material fact on plaintiff's claims under the ADEA and NCEEPA.

As to plaintiff's Title VII and Section 1981 claims that her race was a motivating factor in her termination, the evidentiary record on summary judgment and her brief are not as supportive of those claims as they are of her age claims. Indeed, plaintiff's substantive argument does not mention race except in describing the "nature of the matter before the court" and the "question presented." Response (#27-1) at 1 & 3. However, the court cannot conclude that no genuine issues of material fact remain for trial. While the court will deny summary judgment at this point, the court will revisit the issue at the close of plaintiff's evidence. Plaintiff should carefully consider her continued maintenance of such claims.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#22) is **DENIED**.

Signed: September 5, 2017

Max O. Cogburn Jr.
United States District Judge

4