IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| **GLENDA WESTMORELAND,** | ) | Civil Action No. 5:16-cv-24-MOC-DSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO SET DATE CERTAIN** |
| | ) | **FOR TRIAL** |
| **TWC ADMINISTRATION LLC** | ) | |
| **d/b/a TIME WARNER CABLE,** | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 7(b) of the Rules of Civil Procedure and Rule 7.1 of the Local Rules Governing Civil Cases, Defendant TWC Administration LLC[1] moves the Court for an order setting a date certain for the commencement of the trial of this matter on Monday, December 18, 2017 or, in the alternative, during the trial term beginning February 19, 2018 in the Charlotte Division. In support of this Motion, Defendant shows the following to the Court:

1. This matter was originally assigned to the Honorable Richard L. Voorhees. Pursuant to the Court's Scheduling Order dated April 19, 2016, this matter was set for trial to begin during the September trial term in the Statesville Division commencing on September 4, 2017, and was anticipated to run 2 to 3 days. [Doc. 9]. The trial of this matter remained set for September 4, 2017 for over a year, sixteen months to be exact, and both parties participated in the litigation and prepared their witnesses accordingly.

2. On August 3, 2017, Judge Voorhees continued this matter from the September trial term to the November trial term in the Statesville Division, commencing on November 6, 2017 [Doc. 32]. Defendant immediately began coordinating with its witnesses to have them hold

---

[1] TWC Administration LLC is not a dba entity. Plaintiff's employer, and Defendant's correct entity name, is TWC Administration LLC.

the new November 6 trial term date on their calendars and make arrangements to be available at trial, pending the outcome of Defendant's Motion for Summary Judgment.

3. On September 1, 2017, this matter was reassigned to the Honorable Max O. Cogburn, Jr. [Text-only entry]. On September 5, 2017, Judge Cogburn denied Defendant's Motion for Summary Judgment. [Doc. 33].

4. In light of the Court's denial, Defendant immediately began making arrangements for this trial to commence during the November 6, 2017 trial term – witnesses, parties and counsel rearranged work and personal schedules, rescheduled anticipated travel and blocked that two week period for the trial term based on the Court's continuation of the trial date to the November trial term in the Statesville Division.

5. On October 10, 2017, less than one month before the date on which trial was set to commence, the Court again reset the date of the trial of this matter from the November trial term in the Statesville Division to the December trial term commencing on December 18, 2017 in the Charlotte Division and running through December 30, 2017.

6. Defendant fully appreciates the Court's complete discretion with regard to scheduling. However, because the December trial term falls during the winter holiday season, specifically including the Christmas holiday (which this Court observes on December 25 and 26, 2017) and New Year's Day, which falls just outside the Court's December 18 trial term, the relatively short notice of the change to the trial date has caused some scheduling difficulties.

7. By the time the parties were notified of the new trial date during the December 18 trial term, at least two key witnesses to Defendant's case and one counsel for Defendant had already arranged plans to travel out of town and/or out of the country to spend time with family

during the holidays beginning as early as December 23, 2017 and continuing through January 6, 2018.

8. Had the trial of this matter been set for the December 18 trial term in the Court's original Pre-Trial Order and Case Management Plan, the parties would have had the opportunity to put all witnesses on notice and ensure that everyone needed for the trial of this matter was available. However, having received notice of the reset trial date just over two months in advance, Defendant's counsel and witnesses, some of whom are not employed by Defendant nor under Defendant's control, had already planned their travel schedules during the holiday season, purchased airfare and/or arranged other transportation and otherwise committed themselves financially to other obligations.

9. Moreover, there are four cases on the docket ahead of this matter during the December 18 trial term. Defendant has no knowledge of these cases, their likelihood of settlement or anticipated duration. However, the parties in these matters have at least had the benefit of long-term advanced notice and planning to block their calendars for the entirety of the trial term and schedule accordingly.

10. The parties have unsuccessfully attempted mediation, and do not anticipate a settlement of this matter. Thus, the parties have been readying themselves and preparing to go to trial in the event of the denial of Defendant's summary judgment motion, first in anticipation of the September 4, 2017 trial term with Judge Voorhees in the Statesville Division, and subsequently in anticipation of the November 6 trial term with Judge Cogburn in Charlotte. This is not an attempt to delay—the parties will be ready to begin trial on December 18. However, the exigent circumstances created by the late addition of this matter to the Court's December 18 trial term warrant Defendants' request that the parties be allowed to begin what is expected to be

3

a 2 to 3 day trial on December 18, 2017 to ensure its conclusion during the week of December 18, prior to the commencement of the travel plans of any witnesses, parties, or counsel.

11. The undersigned counsel has consulted with Plaintiff's counsel who consents to this Motion.

WHEREFORE, Defendant respectfully requests that the Court issue an Order setting this case for trial to begin on a date certain of December 18, 2017 or, in the alternative, setting this case for trial to commence during the February 2018 trial term in the Charlotte Division.

This the 19th day of October, 2017.

> s/ Stacy K. Wood
> Stacy K. Wood; N.C. Bar No. 21768
> stacywood@parkerpoe.com
> s/ Shalanna L. Pirtle
> Shalanna L. Pirtle; N.C. Bar No. 36996
> shalannapirtle@parkerpoe.com
> **PARKER POE ADAMS & BERNSTEIN LLP**
> Three Wells Fargo Center
> 401 South Tryon Street, Suite 3000
> Charlotte, North Carolina 28202
> Telephone: (704) 335-9844
> Facsimile: (704) 334-4706
>
> *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing ***"Defendant's Motion to Set Date Certain For Trial"*** was served via the court's CM/ECF system addressed as follows:

>Todd J. Combs
>Combs Law, PLLC
>108 Gateway Blvd., Ste. 206
>Mooresville, NC 28117
>todd@combslaw.org

This the 19th day of October, 2017.

>s/Shalanna L. Pirtle
>Shalanna L. Pirtle
>**PARKER POE ADAMS & BERNSTEIN LLP**
>Three Wells Fargo Center
>401 S. Tryon St., Ste. 3000
>Charlotte, North Carolina 28202
>shalannapirtle@parkerpoe.com

PPAB 3918377v2