UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-00024-MOC-DSC

| | |
|---|---|
| **GLENDA W. WESTMORELAND,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **TWC ADMINISTRATION LLC,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Set Date Certain for Trial. Essentially, defendant wants to move its case for trial from third-to-first position due to holiday plans of counsel and some witnesses.

In moving to go first, defendant discusses at length the movement of this case between Judge Voorhees' calendar and the undersigned's calendar. Such description, while accurate and proper, could lead an uninformed reader to conclude that the Court has been arbitrary or even cavalier in its continuance of the case. See Motion at ¶6.[1] To make the record clear, this case has been pending little more than a year and a half. The case was reassigned to the undersigned on September 1, 2017 (due to Judge Voorhees' well-earned movement to a semi-retired[2] status) and this Court promptly issued its decision on summary judgment September 5. Prior to his change in status, Judge Voorhees reset the *ready date* for this trial from September 4 (a trial date after his change in status) to November 6, 2017. At that time, Judge Voorhees had no way of knowing

---

1   Clearly, such was not the intent of counsel.
2   Fortunately, Judge Voorhees remains a judge of this Court, subject to emergency recall.

-1-

which of his cases would be reassigned to any particular judge. In this case, the new ready date of November 6 fell on the first day of this Court's mixed criminal and civil term in the Asheville Division. As the Court was in the midst of a month-long criminal RICO jury trial in Charlotte on October 10, the October 16 civil term in Charlotte was seriously in doubt, so the Court moved this particular case to its next reasonably available civil term in the Charlotte Division, which was December 18. While the Court does have "complete discretion" in scheduling court - as defendant properly suggests in its motion - it believes it has exercised that discretion in a manner consistent with the Civil Justice Reform Act, the interests of the parties, and the public's best interest by setting this case for trial during the December 18 term, which is little more than three months after the undersigned was assigned the case.

Returning to the request, the Court must also consider the status and needs of the other cases ahead of this particular case. The first case on the December 18 term is <u>Painter v. Adams</u>, 3:15cv369. While this case is older and would normally proceed to trial first, the parties have, post summary judgment, requested a judicial settlement conference, which this Court has approved. <u>Id.</u> at (#s 112 & 113). While not automatically taking the case off the calendar, it appears unlikely that <u>Painter</u> will be ready for trial on December 18 due to the allowed conference. The second case for trial is <u>Woods v. Bank of America Group Benefits Program,</u> 3:16cv784, which was filed well after the instant case. <u>See</u> <u>id.</u> at (#1-case filed 11/11/2016); <u>c.f.</u> 5:16cv24 (#1-case filed 2/5/2016). Thus, this case would normally be tried before <u>Woods</u>. In addition, closer review of the docket reveals that <u>Woods</u> has inadvertently been retained on the December 18 calendar inasmuch as Judge Cayer moved the case to the February 2018 term by Order entered on August

29, 2017.  See Order 3:16cv784 (#36). (Prior to entry of this Order, the Court instructed the Clerk of Court to move that case off the upcoming calendar.)

Having reviewed the status of other cases on the December 18 calendar, the Court finds that the requested relief will not unduly impair the trial of any other case.  The calendar will be reordered and this case will be placed on for a jury trial beginning the first day of the term. The Clerk of Court will notice the parties in the Painter case of such movement.  The Clerk of Court will be instructed to bring the jury *venire* in for selection the morning of December 18 and the parties are reminded (as it appears that the jury will likely be for their case only) that they will need to inform the Clerk of Court not later than noon on Friday, December 15, if the case has been resolved to avoid imposition of costs.   The Court notes that the parties forecast that they will need three days to try this case.  As the holidays place extra demands on all, including jurors, the Court will hold the parties to this estimate.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Set Date Certain for Trial (#35) is **GRANTED**, and this matter is set as this first matter to be tried starting December 18, 2017.  The Clerk of Court is instructed to have the jury ready to go for jury selection on the morning of December 18, immediately after calendar call, which will be brief.

The Clerk of Court is further instructed to Notice the parties in Painter of such movement of their case to the second position for trial rather than the first during the December 2017 term.

The parties are advised that in addition to trial matters discussed in the Pretrial Order, the Court expects the parties to file complete sets of proposed jury instructions and verdict sheets (and to submit such proposal via Cyberclerk, which provides the Court with a usable format) at least one week in advance of trial.

Signed: October 25, 2017

Max O. Cogburn Jr
United States District Judge