UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-24

| GLENDA WESTMORELAND, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | AMENDED ORDER[1] |
| | ) | |
| **TWC ADMINISTRATION LLC** | ) | |
| **d/b/a TIME WARNER CABLE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial and/or to Alter or Amend the Verdict. Having considered this motion and reviewed the pleadings, the court enters the following Order.

**I.  Background**

Plaintiff filed suit on February 5, 2016, alleging claims for age and race discrimination under federal law and wrongful discharge under state law. Trial commenced on December 18, 2017, and after close of evidence on December 19, 2017, the court granted defendant's oral motion for judgment as a matter of law as to plaintiff's race discrimination claim. After the jury could not reach a verdict on plaintiff's age discrimination and wrongful discharge claims, the court declared a mistrial.

---

[1] The Order is amended to correct a quotation in the summary jury instruction discussed on pages 7 and 8 of this Order. In the previous Order, this court relied on defendant's memorandum in quoting said summary jury instruction; however, a typographical error was made by using the word "provide" in the final sentence of the instruction. After consulting the official court transcript, it appears that the word "prove" was used instead. As such, this Order has been amended to ensure complete accuracy.

A new trial began on February 20, 2018, and at the close of evidence the next day, defendant again made an oral motion for judgment as a matter of law. The court denied this motion, and on February 22, 2018 the jury returned a verdict in favor of plaintiff on both her age discrimination claim and wrongful discharge claim. Defendant now renews their motion for judgment as a matter of law. Should the court decline to grant that motion, defendant has also moved for a new trial or to alter or amend the verdict.

**II.     Legal Standard**

When a court "does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). If the jury ultimately decides an issue against the party that sought judgment as a matter of law, that party may "file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Id. A court may grant such motion "if a reasonable jury could reach only one conclusion based on the evidence or if the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005); see also Int'l Safety Access Corp. v. Integrity Worldwide, Inc., 2011 WL 6826855, at *2 (D.S.C. 2011). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the [non-moving] party, and the credibility of all evidence favoring the non-moving party is assumed." Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988) (citations omitted). The court should grant judgment as a matter of law "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Price v. City of Charlotte, 93 F.3d 1241, 1249 (4th Cir. 1996).

As for a new trial, one may be granted to a party "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). More specific examples of when a court should grant a new trial include when the verdict is against the clear weight of the evidence, when the verdict is based on evidence which is false, or when the verdict will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. See Knussman v. Maryland, 272 F.3d 625, 639 (4th Cir. 2001). Unlike a motion for judgment as a matter of law, in considering a motion for a new trial, the court "may weigh the evidence and consider the credibility of the witnesses." Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir. 1989); see also Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp., 41 F.3d 182, 186 (4th Cir. 1994).

### III. Discussion

#### a. *Whether judgment as a matter of law is warranted*

First, the court considers whether defendant is entitled to judgment as a matter of law. Defendant argues that plaintiff has failed to meet their burden under the Age Discrimination in Employment Act ("ADEA"). In this matter, plaintiff chose to prove discrimination under the ADEA through the McDonnell Douglas framework. Plaintiff must first show a *prima facie* case of age discrimination. If successful, defendant must then produce a legitimate business reason for the action taken. At that point, plaintiff must show that said reason was merely a pretext for age discrimination. Mereish v. Walker, 359 F.3d 330, 335 (4th Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Here, plaintiff successfully proved a *prima facie* case, as she was a member of the protected class (here, a person over the age of 40), she was discharged, she was performing at a satisfactory

level and meeting her employer's legitimate expectations, and following her discharge she was replaced by someone outside the protected class (here, a person younger than age 40). E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1992) (citations and quotations omitted). Defendant then produced a legitimate business reason for the termination, in the form of evidence that plaintiff had falsified a document.

Defendant argues that plaintiff failed to meet her burden at the pretext stage. Plaintiff must first show "[t]hat the employer's proffered reason is unpersuasive, or even obviously contrived." Settle v. Balt. Cnty., 34 F. Supp. 2d 969, 991 (D.Md. 1999) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 524 (1993). However, more is required in age discrimination cases, as plaintiff must also show that the employer terminated her employment because of her age. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009); see also Cox v. Lowe's Home Ctrs., LLC, 2015 WL 7288689 (W.D.N.C. 2015); Hartman v. Univ. of Md. at Balt., 595 F. App'x 179, 181 (2014). In other words, plaintiff must prove by a preponderance of the evidence that, but for her age, she would not have been terminated by defendant. Id. at 177-78.

Here, the court disagrees with defendant and finds that plaintiff has met her burden under the ADEA. It is true that it is not this court's job to second guess or otherwise review or police legitimate business decisions. See, e.g., Fields v. Verizon Servs. Corp., 493 F. App'x 371, 379 (4th Cir. 2012); Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005); Jiminez v. Mary Wash. Coll., 57 F.3d 369, 383 (4th Cir. 1995). But the totality of the evidence is substantial enough to justify the jury's finding. For example, defendant attempts to downplay a remark made by a superior by suggesting it may not have been made and that the superior was not really involved in the decision to terminate. But that is improper at this stage, as the court must

examine the evidence and all reasonable inferences from it in the light most favorable to plaintiff, and assume the credibility of all evidence favoring plaintiff. Crinkley, 844 F.2d at 160 (citations omitted). With credibility and reasonable inferences both assumed in plaintiff's favor, a superior firing plaintiff and then telling her to "go home and take care of those grandbabies" is damning evidence of pretext as it could reasonably form the basis of a finding that plaintiff's firing was based on her age, and not based on the proffered legitimate business reason. (Trans. 290-97). In conjunction with the rest of the evidence of record, including plaintiff's stellar record prior to the falsification of a document and alternative disciplinary options that defendant might have pursued, it is easy to see why the jury found that plaintiff would not have been terminated but for her age, and the court sees no legal basis for upsetting their judgment. Thus, the court will deny defendant's renewed motion for judgment as a matter of law.

    *b. Whether a new trial is warranted*

As defendant's renewed motion for judgment as a matter of law has been denied, the court will now consider whether a new trial is warranted. Defendant's arguments center on this court's conduct throughout the trial, as defendant contends that the court unfairly prejudiced defendant with unnecessary, one-sided questions of witnesses and a pro-plaintiff jury instruction. In doing so, defendant argues that a new trial is necessary to remedy the prejudicial impact on defendant of the court's questions and jury instruction. See Pollard v. Fennell, 400 F.2d 421, 424-26 (4th Cir. 1968) (highlighting the significance of a judge asking questions of witnesses and holding that the judge prejudiced the defendant when he engaged in leading questions in which the judge became a witness, misstated contents of a deposition, and made his position crystal clear for the jury); Santa Maria v. Metro-N. Commuter R.R., 81 F.3d 265, 273-74 (2d Cir. 1996) (holding that "the

court displayed an antipathy to [plaintiff's] claim that went beyond judicial skepticism" and that the judge's "sarcastic cross-examination" of witnesses prejudiced plaintiff).

Simply put, the court disagrees. The court's questioning was designed to elicit testimony that explained the record for the jury to better help them make an informed decision, such as by clarifying that the person who replaced plaintiff was under 40 at the time plaintiff was terminated and that the proffered basis for termination was the falsification of the document and nothing else, and by asking questions on points where even the court was confused what point was being made or what potential evidence was in play. Such questions are important for the interests of justice, and it is well within the court's purview to ask them, even if the answers may hurt or help one party's case. Simon v. United States, 123 F.2d 80, 83 (4th Cir. 1941), cert. denied, 314 U.S. 694 (1941) (holding that a federal trial judge has the duty "to see that a case on trial is presented in such way as to be understood by the jury, as well as by himself" and that "[h]e should not hesitate to ask questions for the purpose of developing the facts . . . and it is no ground of complaint that the facts so developed may hurt or help one side or the other").

Further, the court's questions did not reflect any sort of obvious pro-plaintiff bias. Indeed, one of the quotes from the record that defendant relies on shows the court reprimanding plaintiff's counsel for irrelevant questions and reminding him to stick with the "but for" issue. Nowhere did the court become a witness for plaintiff or misstate evidence in a way that favored plaintiff, or otherwise ask questions that would have been better left for a sidebar out of the jury's hearing. See Pollard, 400 F.2d at 424-26. Nor did the court offer the sort of antagonism to defendant's case or mocking questions described by the Second Circuit Court of Appeals as a basis for remand. See Santa Maria, 81 F.3d at 273-74. And while it is true that the court expressed reservations *in front*

*of counsel* as to whether termination was genuinely necessary in this matter, such doubt was never expressed in front of the jury and thus cannot be said to have prejudiced their decision. See <u>U.S. v. Smith</u>, 928 F.2d 740, 742 (6th Cir. 1991), <u>cert. denied</u>, 502 U.S. 852 (1991) (holding that "to the extent the trial judge's comments were otherwise objectionable, they were made . . . out of hearing of the jury" and thus the jury's verdict could not have been "improperly influenced" by the court's words). Indeed, plaintiff's claim of bias overlooks the fact that this court dismissed plaintiff's race discrimination claims at the close of plaintiff's evidence during the first trial. Finally, this court instructed the jury as follows:

> **s 71.11      COURT'S COMMENTS NOT EVIDENCE**
> The law of the United States permits the judge to comment to the jury on the evidence in the case. Such comments are only the expression of the judge's opinion as to the facts; you may disregard them entirely, since you as jurors are the sole judges of the facts. As I am about to instruct you, my questions are not evidence, my comments are not evidence, but the answers given by witnesses to any questions I may have asked are evidence and you are to consider such answers just as you would any other testimony regardless of who asked the question.

While the court finds no merit to defendant's contentions, courts assume that juries follow such instructions, <u>Richardson v. Marsh</u>, 481 U.S. 200, 206 (1987), and defendant has pointed to "no reason why that presumption should be rebutted here." <u>United States v. Johnson</u>, 587 F.3d 625, 631 (4th Cir. 2009). Indeed, as discussed *infra* in the context of defendant's request for remittitur, it is evident that the jury closely followed this court's instructions.

As for the jury instruction, the court finds no fault with the wording of the instruction. The text of the instruction is as follows:

> I'll now give you a summary of these instructions I've just given you on the age discrimination. You've heard a lot of evidence concerning the backdating of a document. How this happened is not the real issue in the case. The issue for you to determine is whether the alleged backdating was a legitimate business reason for terminating Plaintiff's employment. And if you find that it was a legitimate reason,

> then you must move to the next step and decide whether the Plaintiff has proven that such legitimate business reason was not the real reason but was a mere pretext for age discrimination. Even where an employer has a legitimate business reason to terminate an employee, the employer cannot use that legitimate business reason as a pretext, which means an excuse, a guise or a shield to terminate an employee because of her age. In determining whether such reason was a pretext for age discrimination, you must consider all of the evidence of record, including all of the circumstances that have been presented, any statements that were made, any evidence concerning plaintiff's years of service, and evidence concerning her job performance during such service. It is plaintiff's burden to prove that she would not have been terminated "but for" her age.

(Trans. 433-34.) The instruction directed the jury that, if they determined the alleged backdating and falsification of a document was a legitimate business reason for termination, they must then determine whether that was a pretext for age discrimination and that it is plaintiff's burden to prove that she would not have been terminated "but for" her age. Such an instruction echoes the language of the ADEA and the McDonnell Douglas framework set out above, while helping the jury to zero in on the "but for" issue. Indeed, defendant argues this instruction attempts to focus the jury's attention on court's own belief as to what the case was really about, as opposed to what the law sets out. The court is uncertain what defendant would argue the case is really about, as even in the instant motion, defendant's arguments focus on plaintiff's burden in establishing "but for" causation, which is precisely what this jury instruction covers.

Defendant also argues that the instruction focuses on plaintiff-friendly factors, including plaintiff's years of service, record, and statements made about the termination. Case law relevant to this matter suggests that plaintiff's years of service and record are highly relevant to whether plaintiff's termination was discriminatory, and it is counterintuitive to ascribe fault in an instruction that says so. Further, the instruction's reference to "statements that were made" and "all of the circumstances that have been presented" can hardly be said to be plaintiff-friendly, as

"statements made" would include those of defendant to justify the termination and "all of the circumstances that have been presented" would account for defendant-friendly elements of the case, such as Ms. Busgith's other termination decisions. Ultimately, the court finds that defendant was not unfairly prejudiced by the court's questions to witnesses or the jury instruction at issue, and will deny a new trial on those grounds.

    *c. Whether altering or amending the verdict is warranted*

Finally, the court considers whether the verdict should be altered or amended. The decision to alter or amend a judgment under Rule 59(e) is within the district court's sound discretion. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Generally, there are three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted). Remittitur is specifically called for when there are questions over excessiveness of a jury award. Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 593 (4th Cir. 1996) (holding that "[i]f a court finds that a jury award is excessive, it is the court's duty to require a remittitur or order a new trial"). In other words, if the court were to remit the jury's award, plaintiff would be required to either accept the reduced award or start over with a new trial if she refused the reduction. See Cline v. Wal-Mart Stores, Inc., 144 F.3d 294 (4th Cir. 1998).

Here, defendant argues that plaintiff's award of back pay should be reduced due to failure to mitigate. A successful ADEA plaintiff is entitled to back pay. Sailor v. Hubbell, Inc., 4 F.3d 323, 325-26 (4th Cir. 1993) ("[A] back pay award given under the ADEA is a legal remedy"); see

also Albemarle Paper Co. v. Moody, 422 U.S. 405, 420-22 (1975) (holding that back pay furthers the "'make whole' purpose of Title VII"). However, a plaintiff must mitigate her damages, in that she must be "reasonably diligent in seeking and accepting new employment substantially equivalent to that from which [s]he was discharged." Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1273 (4th Cir. 1985) (citing Ford Motor Co. v. EEOC, 458 U.S. 219, 232 (1982)). Should a plaintiff fail to fulfill this duty to mitigate, she cannot receive back pay. Id. In such a situation, the employer "bears the burden of proof" in demonstrating plaintiff's failure to mitigate. Wagner v. Dillard Dept. Stores, Inc., 17 F. App'x 141, 153 (4th Cir. 2001). Ordinarily, that means an employer shows evidence that comparable work was available, or demonstrates that a plaintiff "made no reasonable attempt to find work," since "[a] plaintiff who remains idle instead of seeking employment forfeits [her] right to back pay for the period during which [she] did not seek employment." Id. at 153-54 (citing Brady, 753 F.2d at 1273).

Here, the court cannot find from the evidence presented that plaintiff remained idle or otherwise forfeited her right to back pay. Plaintiff testified she was willing to work any job after being terminated from her retail position. (Trans. 345). Indeed, plaintiff tried to do so with a sales job, this time selling health and life insurance. (Trans 330-41). While such work was not lucrative or able to fully replace her lost income, plaintiff was nevertheless working. While she was not actively seeking better employment at this time, it is clear that it was because she was attempting to succeed in her sales work, and thus cannot be said to have remained "idle" as envisioned in Brady or Wagner, supra. Nor does the court find any other basis for remittitur, as the jury's $134,500 award appears to accurately reflect full back pay damages for the time period at issue, after subtracting plaintiff's successful mitigation from her work at Kelly Staffing from November

2015 to January 2016 and her current job. (Trans. 332-33, 345-46, 415-16). Finally, defendant did not offer any argument for remittitur on the state-law claim damages award of $200,000, and after further review, the court finds no reason to adjust it. As such, the court will deny defendant's motion on this issue.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial and/or to Alter or Amend the Verdict (#73) is **DENIED**.

The Clerk of Court is instructed to **ENTER** a Judgment consistent with the Verdict.

Signed: April 26, 2018

Max O. Cogburn Jr.
United States District Judge