UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-24-MOC-DSC

| GLENDA WESTMORELEAND, | ) | |
|---|---|---|
| **Plaintiff,** | ) | |
| vs. | ) | |
| TWC ADMINISTRATION LLC, d/b/a TIME WARNER CABLE, | ) | **ORDER** |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees and Costs, based on fees incurred in prosecuting Plaintiff's age discrimination claim in this Court. (Doc. No. 104).

## I. BACKGROUND

Plaintiff Glenda Westmoreland filed this action against her former employer Defendant Time Warner Cable, alleging, among other things, that she was fired based on her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq., and under 42 U.S.C. § 1981, and based on her age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. This Court denied summary judgment as to both of Plaintiff's claims on September 5, 2017. (Doc. No. 33).

During trial and before the case went to the jury, this Court granted Defendant's motion for directed verdict as to Plaintiff's race discrimination claim. This first trial, held in 2017, ended in a mistrial as to Plaintiff's remaining claims. At the second trial, held in 2018, the jury found Defendant liable on her age discrimination claim and wrongful discharge claim. The jury returned a unanimous verdict awarded Plaintiff back pay damages of $134,500 and

1

compensatory damages of $200,000.  In a published opinion, the Fourth Circuit Court of Appeals subsequently affirmed the jury's verdict.  Westmoreland v. TWC Admin. LLC., 924 F.3d 718 (4th Cir. 2019).  Plaintiff has now filed a motion for attorney fees as the prevailing party as to Plaintiff's age discrimination claim.  Defendant has filed a Response, opposing the motion for attorney fees, and Plaintiff has filed a Reply.  Thus, this matter is ripe for disposition.

## II. DISCUSSION

### A. Plaintiff's Motion for Attorney Fees as to Plaintiff's Age Discrimination Claim

Here, it is undisputed that Plaintiff prevailed on her age discrimination claim.  The Court must now determine whether the claimed fees are reasonable.  To determine the appropriate amount of attorney's fees, this Court is tasked with determining the lodestar amount.  The lodestar amount is the number of hours reasonably expended on the litigation multiplied by a reasonable rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In determining reasonableness, the Fourth Circuit has adopted the twelve Johnson factors set forth by the Fifth Circuit.  See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). The twelve factors are as follows: (1) time and labor expended; (2) the novelty and difficulty of the question raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the undesirability of the case within the legal community in which the suit arose; (11) the length and professional relationship between the attorney and

client; and (12) attorney fees in similar cases.  Id.  The Court will discuss each relevant factor in turn.

Here, in support of the requested amount of attorney fees, Plaintiff presents the following evidence:

First, Plaintiff's counsel Todd Combs has presented his own affidavit, attesting that he was admitted to practice law in North Carolina in 1996.  He is admitted to practice before the Western, Middle, and Eastern Districts of the United States for the State of North Carolina, and the Fourth Circuit Court of Appeals.  Combs attests that, as the sole attorney assigned to this matter, he has devoted over 737 hours over the course of three-and-one-half years to Plaintiff's case.  Plaintiff seeks reimbursement for his attorney fees in the amount of $339,551.78.

Combs attests that the law firm's paralegal spent in excess of 172 hours on this matter, organizing and preparing discovery materials for disclosure, scheduling depositions and conferences, preparing documents, speaking with Defendant's paralegals and attorneys, handling a vast volume of emails and other documents, helping with preparation of all briefs, handling all electronic filings, summarizing trial testimony, contacting witnesses, organizing documents, organizing exhibits, and other normal paralegal functions dealing with this case at the District Court level and Court of Appeals levels.  The hourly rate charged for the paralegal's services by the law firm is $135.00 per hour.  The time spent on typing, filing, correspondence and pleadings and other administrative duties is included in this time.  Plaintiff asserts that the total number of hours spent by the Law Firm paralegal is well in excess of 172 hours and the total amount charged for her paralegal time is $23,220.00.

Plaintiff's counsel asserts that he has taken the following steps to minimize the legal costs in this matter: (1) All work product and legal research was performed by one attorney and one

3

paralegal; (2) Plaintiff's counsel conducted all meetings, pre-trial conferences, witness depositions, briefs, trials, appellee work at the Court of Appeals and brief work at the Court of Appeals without the aid of another attorney; (3) Plaintiff's counsel delegated tasks to paralegal Jodi Zanolini, and (4) an excellent rate was obtained for a publisher in Richmond Virginia which is required at the Court of Appeals and had been used before by Combs Law, PLLC.

Given the materials submitted by Plaintiff's counsel in support of the attorney fees, the Court next addresses the following factors in determining whether the requested amount is reasonable. To the extent the Court does not expressly discuss one of the Johnson factors, it is because the Court has found the factor to be neutral in its analysis.

**1. Time and Labor Expended**

First, the Court must consider the time and labor expended. Plaintiff was the prevailing party as to Plaintiff's age discrimination claim. This action lasted months and involved two trials. The first trial ended in a mistrial. During that first trial, this Court granted Defendant's directed verdict motion at the end of trial. The Supreme Court has held that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S. at 436. A district court should determine the lodestar amount and then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Robinson v. Equifax Info. Servs., Inc., 560 F.3d 235, 244 (4th Cir. 2009). To this end, the Supreme Court created the common core of facts doctrine, which states that a party who is successful on one claim and unsuccessful on the other can obtain attorney's fees for both claims if the claims arose from the same common core of facts. Hensley, 461 U.S. at 435-36. The Supreme Court based this doctrine on the idea that cases involving a common core of facts would prove difficult to

4

separate tasks into different claims. Id. at 435.

Here, Defendant argues that the Court should reduce the requested attorney fees because there is no right to attorney fees in a North Carolina wrongful discharge claim and, according to Defendant, Plaintiff has not parsed out the fees incurred for the federal age discrimination claim from the state law claim for wrongful discharge. Defendant also notes that the emotional distress compensatory damages awarded by the jury were different in character and required different proof than the back pay awarded under the ADEA. Defendant argues that counsel failed to carry the burden of supporting and properly documenting the motion for attorney fees by apportioning fees between recoverable and non-recoverable claims and the Court should therefore reduce the requested fees by 60 percent. The Court declines to do this. Here, Plaintiff's counsel relied on a common core of facts in incurring attorney fees to work on both the wrongful discharge and age discrimination claim. Although attorney fees are not allowed for North Carolina wrongful discharge claims, the evidence for both the wrongful discharge and age discrimination claims was the same, as the North Carolina wrongful discharge claim was based on age discrimination. Therefore, the Court declines to reduce the hours requested based on this argument by Defendant.

**2. Novelty and Difficulty of the Question Raised**

The legal theories and principles underlying ADEA cases are well known to federal courts and federal practitioners. Thus, this matter was not particularly complex. As for difficulty, employment discrimination cases are not easily won. See Dyer v. City of Gastonia, No. 3:15cv33, 2016 WL 4443190, at *3 (W.D.N.C. Aug. 19, 2016) (awarding $75,000 in attorney fees in a Title VII race discrimination case, noting that employment "discrimination claims are routinely rejected by juries and courts at trial"). This factor weighs in favor of the requested fees being reasonable.

5

### 3. Skill Required

The skill required to adequately handle this case also weighs in favor of the requested fees being reasonable. Plaintiff's counsel has extensive experience in federal court and employment litigation and cases appealed to the Court of Appeals. Counsel for Plaintiff has been involved in at least twenty (20) or more cases representing plaintiffs with published opinions while representing the employee plaintiff in employment discrimination cases. This factor weighs in favor of finding that the requested amount of fees is reasonable.

### 4. Attorney's Opportunity Costs in Pressing the Litigation

Plaintiff's counsel asserts that because of the time commitment associated with representing Plaintiff, counsel did not accept other cases. Counsel asserts that during the multiple years that the case was pending, he had to decline to undertake some cases and he was unable to reach out to potential clients because of the substantial time commitments in this case. This weighs in favor of the requested fees being reasonable.

### 5. Customary Fee for Like Work

Plaintiff's counsel seeks an hourly rate of $425 for his time and $135 for the law firm paralegal. John W. Gresham and Margaret Behringer Maloney, both experienced employment law litigators in Charlotte, North Carolina, have submitted Affidavits asserting that the rates charges by Plaintiff's counsel are appropriate for Charlotte attorneys with the counsel's experience and skill level. According to these affidavits, the hourly rate for attorneys practicing employment law in Charlotte range from $250 to $700 per hour. This Court finds that this factor weighs in favor of a finding that the requested fee amount is reasonable. Defendant contends that the hourly rate should be reduced because Plaintiff's counsel attested in another case during 2018 that a reasonable hourly rate was $300. This case was pending for about four years from start to finish, with a jury

6

Case 5:16-cv-00024-MOC-DSC   Document 132   Filed 08/03/20   Page 6 of 12

award in 2018, and then the affirmance by the Fourth Circuit Court of Appeals in 2019. Plaintiff's counsel had the right to raise his hourly rate, and he has presented affidavits by two attorneys attesting that the $425 rate is reasonable. Therefore, the Court finds that the hourly rate sought by Plaintiff's counsel is reasonable.[1]

### 6. Amount in Controversy and Results Obtained

Plaintiff obtained a Jury Verdict of $134,500.00 for back pay and $200,000.00 emotional distress damages, for a total of $334,500.00 in back pay and equitable remedies/front pay as yet to be determined. This is a substantial result for an individual employment discrimination Plaintiff in the Western District of North Carolina. The success achieved by Plaintiff's counsel suggests the hours expended were reasonable.

### 7. Attorney's Experience, Reputation, and Ability

Plaintiff's counsel asserts that he has practiced law for more than 23 years in North Carolina before both state and federal courts. Counsel asserts that he is recognized by his peers for his work in employment and labor law and that he is particularly familiar with employment defense lawyers who specialize in employment law defenses. Counsel's lengthy career in practicing employment law weighs in favor of the requested fees being reasonable.

### 8. Attorney Fees in Similar Cases

When a plaintiff has prevailed in an ADEA or Title VII claim in this district, attorneys' fees have been awarded. See, e.g., Tinsley v. City of Charlotte, 3:16-cv-656-GCM (W.D.N.C. 2019) (awarding $330,000 in attorney fees); Capacchioni v. Charlotte-Mecklenburg Schs., 80 F. Supp. 2d 557 (W.D.N.C. 1999) (awarding $1.3 million in attorney fees); Dyer v. City of Gastonia,

---

[1] Because the Court discusses the rate and hours incurred by the paralegal in a separate discussion of the lodestar calculation, the Court does not address the paralegal's rate here.

No. 3:15cv33, 2016 WL 4443190 (W.D.N.C. Aug. 19, 2016) (awarding $75,000 in attorney fees); Eschert v. City of Charlotte, No. 3:16cv295-FDW-DCK, 2017 WL 3840275 (W.D.N.C. Sept. 1, 2017) (awarding $628,000 in attorney fees and costs), and Justin Driskell v. Summit Contracting Group, Inc., No. 3:16cv819, 2019 WL 1412948 (W.D.N.C. Mar. 28, 2019) (awarding $441,000 in attorney fees). This factor supports a finding that the requested attorney fees are reasonable.

**9. Calculation**

The Court has reviewed the submitted billing sheets. Plaintiff seeks attorney fees based on the following hourly rates and hours spent by counsel and counsel's paralegal:

Attorney Time: 737.30 hours x $425 = $313,352.50

Paralegal Time: 172 hours x $135 = $23,220.00

As Defendant notes, however, counsel's billing sheet does not account for the paralegal's billing hours. Rather, the billing sheet consists solely of hours incurred by counsel, with a stated rate of $425 per hour. Although it is true that courts sometimes allow block billing as sufficient documentation for hours incurred, here the documentation submitted by counsel does not even attempt to distinguish the work done by his paralegal and his own work. The Court finds that it is therefore reasonable to reduce the attorney fee award by $23,2220.

After excluding the foregoing fees and costs that are not recoverable and/or are not properly supported, the Court should also omit from the lodestar all hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); accord Dyer, 2016 WL 4443190, at *5 (finding billed hours excessive). According to Defendant, Plaintiff's fee petition is replete with such hours. Defendant argues that Plaintiff claims unnecessary attorney time for service of a complaint and summons (.5, 2/10/16); "Federal court training at courthouse" (2.0, 12/15/17); attendance at a DES hearing separate from this litigation

8

(2.0, 2/3/16); and Plaintiff's motion to compel responses to her second discovery requests, which the Magistrate Judge denied by finding the requests sought irrelevant information (7.75, 2/7-3/21/17).

Defendant also argues that Plaintiff claims excessive and redundant hours in relation to responding to TWC's motion for summary judgment (52.5); preparing for the December 2017 trial (96); repeating preparation for the February 2018 trial (43.5); drafting Appellee's response brief seeking merely to affirm a jury verdict (96.5); preparing for appellate argument (38); moving for an extension of time to file a motion for attorneys' fees and seeking a hearing on front pay after stipulating that a final judgment had been entered more than twenty-eight days prior to the motion for extension (97); and drafting Plaintiff's motion for attorneys' fees (71.5). (Doc. No. 104-1 at 3-4.)

For example, these hours include:

• Multiple entries for research and drafting that produced briefs making inapposite arguments and repeating the same facts and legal arguments with little to no modification (compare Doc. No. 27-1, 61, 75-1, and 94-2);

• 23 hours reading deposition transcripts again before the second trial (February 9-14, 19, 2018);

• 49 hours for the 8-page summary judgment response (Doc. No. 27-1) (April 18-May 18, 2017);

• 16.5 hours for the 9-page trial brief (Doc. No. 48) (November 28-December 11, 2017);

• 31.5 hours for the 16-page response to Renewed Motion for JAML (Doc. No. 75-1) (March 16-22, 2018);

• 92.5 hours for Appellee's Response Brief seeking to affirm a jury verdict (August 22-

October 2, 2018);

• 30 hours for the 10-page Reply in Support of Motion for Extension of Time to File Motion for Attorneys' Fees (Doc. No. 93) (June 20-26, 2019);

• 30.5 hours for the 14-page Reply in Support of Motion for Equitable Hearing on Front Pay (Doc. No. 96) (July 8-16, 2019); and

• 66 hours for the 22-page Memorandum in Support of Motion for Attorneys' Fees and fee declaration (Doc. No. 104) (August 27, 28; September 3, 4, 5, 6, 10, 11, 13, 17, 18, 19, 20). (Doc. No. 104-1).

As to counsel's fee petition, in moving twice for an extension of time to file the Motion for Attorneys' Fees, counsel represented to the Court that he needed more time to obtain third party affidavits, not to prepare the brief or counsel's affidavit and supporting documentation. (Doc. No. 99, 101). Nevertheless, Plaintiff's counsel claims to have spent over forty (40) more hours on the memorandum and his fee declaration after making that representation to the Court. (Doc. No. 104-1, September 6-20, 2019). Defendant contends that a review of the filings associated with the above tasks show that the claimed hours are excessive in light of the work product submitted to the Court and no recovery should be allowed for those excess hours.

The Court finds that the hours charged by Plaintiff's counsel will be reduced by 10 percent, as a review of the billing sheets shows that some of the charges noted above by Defendant are indeed excessive, redundant, and unnecessary. Thus, rather than crediting Plaintiff's counsel with 737.30 hours, the Court will reduce that number to 663 hours. Multiplying an hourly rate of $425 by 663 hours equals $281,775. The Court finds that Plaintiff's counsel is allowed this amount in attorney fees.

**10. Costs**

Plaintiff seeks to recover $3,082.03 in costs. The Court has reviewed the parties' materials regarding costs. The Court agrees with Defendant that Plaintiff is seeking to recover for certain expenses that are not recoverable as costs. First, Plaintiff seeks certain appellate costs that have already been disallowed by the Fourth Circuit Court of Appeals. Furthermore, certain trail court costs are expressly excluded as recoverable costs under this Court's local rules. Specifically, Plaintiff submitted a $1,159.90 bill of costs on appeal, and the Clerk for the Fourth Circuit Court of Appeals rejected all but $27.60 of the same costs. Defendant has paid the allowed costs. However, now, Plaintiff seeks recovery of the same costs rejected by the Fourth Circuit, plus the costs that Defendant has already paid to Plaintiff.

As for the district court costs, the taxable costs recognized by 28 U.S.C. § 1920 and LCvR 54.1(f) do not include postage, parking, "fed. Exp.," or "Documents & Reports" as claimed by Plaintiff. (Doc. No. 104-1 at 21). Moreover, LCvR 54.1(g) lists as non-taxable costs: multiple copies of depositions, expedited transcripts, attorney travel expenses, costs of shipping/mailing transcripts, and costs associated with mediation. Thus, at most Plaintiff's taxable costs consist of a filing fee ($400), service fee ($8.11), and "Deposition-Ct. Reporters Fee" ($778.19). Therefore, the Court will award Plaintiff a total of $1586.30 in costs.

### III. CONCLUSION

After having review Plaintiff's supporting materials, the Court will grant Plaintiff's motion and award Plaintiff $281,775 in attorney fees and $1586.30 in costs, for a total of $283,361.30.[2]

**IT IS SO ORDERED**.

---

[2] As the Court discussed at the hearing on front pay held on December 18, 2019, the Court considers this award of attorney fees to be an "interim" award, such that the parties may file additional motions based on further fees incurred in this matter.

Signed: August 3, 2020

Max O. Cogburn Jr.
United States District Judge